**Karamjit SINGH, et al., Petitioners,**

v.

**Michael B. MUKASEY, Respondent.**

No. 07–5285–ag.

United States Court of Appeals, Second Circuit.

Sept. 17, 2008.

Karamjit Singh, pro se, Bronx, NY, for Petitioners.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Mark C.

Walters, Assistant Director, Joanne E. Johnson, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Karamjit Singh, a native and citizen of India, seeks review of an October 31, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Singh*, No. A75 980 362/405/406/407/408 (B.I.A. Oct 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir.2006).

An alien may only file one motion to reopen and must do so within ninety days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA properly denied Singh's June 2007 motion to reopen as number barred because it was his third motion to reopen. *See id.* § 1003.2(c)(2).

Although Singh argues that the BIA failed to properly examine the evidence he submitted demonstrating changed circumstances in India, we find no abuse of discretion. *See Ke Zhen Zhao*, 265 F.3d at 93. Singh asserted in his third motion to reopen, as he had in his first two motions, that the Congress Party persecutes Akali Dal Mann supporters, that the police continue to look for him, and that two of his family members have been killed. In support of that motion, he submitted, as he had with his first two motions, affidavits from family and friends and background evidence concerning conditions in India. In denying Singh's second motion to reopen, the BIA found that his evidence was largely irrelevant where it was meant to corroborate a claim that the IJ had found not credible. In denying Singh's petition for review, we agreed with the BIA's reasoning. Now, in his second petition for review to this Court, Singh asks us to find that the BIA abused its discretion by denying his motion without explicitly evaluating his evidence. We will not do so. Although the BIA must consider evidence of changed country conditions submitted with a motion to reopen, *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006), it may do so summarily where it has previously considered and rejected similar evidence. *Cf. Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (finding that the BIA does not abuse its discretion by denying a motion to reconsider where the motion merely repeats arguments that the BIA had previously rejected).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the

Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).